UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Lee Smith, #09595-058, | ) C/A No.: 9:13-384-RMG-BM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Federal Bureau of Prisons; United States; Kenny Atkinson, | ) |
| Respondents. | ) |

## BACKGROUND OF THIS CASE

The petitioner is a federal inmate at FCI-Edgefield, which is located in the state of South Carolina. Petitioner seeks relief in this Court pursuant to 28 U.S.C. § 2241.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), other habeas corpus statutes, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority



1

to conduct an initial screening of a *pro se* filing).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the § 2241 Petition, which actually raises claims properly asserted under 28 U.S.C. § 2255, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner was originally sentenced to a life sentence for violating sections of the United States Code in the United States District Court for the Western District of North Carolina. The conviction was upheld on direct appeal by the United States Court of Appeals for the Fourth Circuit on March 10, 1995. Petitioner alleges he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was dismissed as time-barred. He then filed a motion pursuant to 18 U.S.C. § 3582, and his life sentence was reduced to 360 months on February 16, 2000. He appealed that Order to the Fourth Circuit Court of Appeals, and they affirmed the decision on August 27, 2001. Petitioner also states that he filed a second 3582 motion on an unspecified date which was denied.

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

In this § 2241 Petition, Petitioner contends that it "is a violation of Due Process of Law and [his] Constitutional Rights to Life and Liberty, w[h]ere it would be illegal-unlawful and outside the maxims of law for me to be continued to be held under the color of law." He further claims the indictments against him were based on hearsay, and that no factual evidence was submitted to implicate him. He claims he was actually innocent of "the drug possessions of the [allegations]" in two counts against him, and that there is also no statutory or sentencing guideline which justifies his thirty (30) year sentence for fifty (50) grams of crack cocaine. Thus, he claims he is "being held outside the maxims of law as prescribed by Congress." According to the Petitioner, less than seven (7) grams of drugs were produced against him. He states that "conspiracy with the alleged amount of drugs against [him] carries a considerably lesser amount of time than [he has] currently already done, and [he is legally] due for [immediate release]." Petitioner also claims that "someone convicted of the charges alledge[d] against [him] today would get ten years or less, [but he has been] given (21) years of [his] life fighting charges [he] is actually innocent of." Petitioner states this is a miscarriage of justice. He seeks "Immediate Release ... w[h]ere the sentence exceeds the maxims prescribed by law, and further incarceration would be under the Color of Law."

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). However, in 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases). Now, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*,



3

13 F.3d 1079, 1080, (7th Cir.1994). Here, since the Petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See United States v. Morehead*, 2000 WL 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead, supra.*

In order to proceed with his claims in this Court under Section 2241, Petitioner would be required to show that a Section 2255 motion is inadequate or ineffective to test the legality of his sentences. The fact that Petitioner has already had a § 2255 motion denied by the sentencing court is not in and of itself sufficient to demonstrate that a § 2255 motion at this time would be inadequate or ineffective. *Williams, supra. See also In re Avery W. Vial* 115 F.3d 1192 (4th Cir. 1997) (remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion); *Atehortua v. Kindt*, 951 F.2d 126 (7th Cir. 1991)(petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241).

The Fourth Circuit Court of Appeals set forth the test to determine if a §2255 motion would be inadequate or ineffective in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir.2000), holding that a



4

petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones, supra @* 333-334. Petitioner has not set forth any set of facts which could be construed to meet the prongs announced in *Jones*. While he notes the disparity between the sentence he received when he was convicted in 1993, and the sentence he might receive today for the same offense, the Fair Sentencing Act ("FSA") was not made retroactive to sentences received prior to August 3, 2010, the effective date of the FSA. Thus, Petitioner is not entitled to application of any reduced penalties. *See United States v. Bullard*, 645 F.3d 237, 248-49 (4th Cir. 2011) (FSA does not apply retroactively to cases pending on direct appeal where defendant was sentenced prior to effective date of the Act).[2] As a result, this court does not have jurisdiction to entertain the Petitioner's Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.

Finally, Petitioner's unsupported statement that he "was/is actually innocent" of the crimes

---

[2]

The undersigned is aware of the recent holding in *U.S. v. Blewett*, — F.3d —, 2013 WL 2121945 (6th Cir. 2013)(Fair Sentencing Act should apply retroactively to all crack sentences, regardless of when they were imposed); *but see United States v. Reeves*, _ F.3d _, 2013 WL 3155945 at * 3 (8th Cir. June 24, 2013) ["In light of this Supreme Court precedent [*Dillon v. United States*, _U.S. __, 130 S.Ct. 2683, 2690 (2010)], eight of nine federal circuits to address this issue have held that the statutory provisions applicable when the Defendant was originally sentenced - not the statutory provisions in the Fair Sentencing Act - apply in section 3582(c)(2) proceedings."]; *United States v. Belt*, No. 12-8029, 2013 WL 1715577 at * 1 (4th Cir. 2013) [FSA does not apply retroactively to Defendants sentenced prior to its effective date]. Since Petitioner was convicted in the Western District of North Carolina however, *Blewett* would not apply to him. Additionally, the holding in *Alleyne v. United States*, - - - S.Ct. - - - , 2013 WL 2922116 (June 17, 2013) would have no application to Petitioner because *Alleyne* was not made retroactive to cases on collateral review.

5

for which he was convicted and sentenced is without merit. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Prisoners such as Petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where a direct appeal is unsuccessful (or the time for appeal has expired) and an initial section 2255 motion or section 2254 petition is also unsuccessful, but the Petitioner wishes to file a second or successive writ to raise a "new" issue, or where he or she has committed a procedural default precluding one or more available remedies. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raised the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).

In the present case, however, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Thompson v. United States*, 211 F.3d 1270 (6th Cir. 2000)(Table)(text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a

6

conviction under § 2241). In sum, nothing in this case presents more than an unsupported allegation of "actual innocence ", which requires this court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

## RECOMMENDATION

Since the petitioner has not shown that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition, and has not demonstrated that he is actually innocent of the charges for which he was convicted and sentenced, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

_____
Bristow Marchant
United States Magistrate Judge

July 2, 2013
Charleston, South Carolina

***The petitioner's attention is directed to the important notice on the next page.***

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



8